UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 08-CV-0400 (JFB) (WDW)

———————

ALEXANDER THOMAS,

Plaintiff,

VERSUS

ALFRED C. TISCH, SUFFOLK COUNTY CORRECTIONS YAPHANK, SUFFOLK COUNTY
CORRECTIONS INMATE ACCOUNT, SUFFOLK COUNTY CORRECTIONS PROPERTY
CLERK, AND SUFFOLK COUNTY CORRECTIONS MEDICAL STAFF,

Defendants.

———————

**MEMORANDUM AND ORDER**
March 11, 2009

———————

JOSEPH F. BIANCO, District Judge:

Plaintiff Alexander Thomas ("plaintiff" or "Thomas") brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Alfred C. Tisch, the Sheriff of Suffolk County, and various staff at the Suffolk County Corrections Facility (collectively, "defendants"), alleging that defendants improperly deprived him of necessary medical treatment while he was transferred from the Yaphank Correctional Facility in Suffolk County to Rikers Island, thereby depriving him of his Eighth Amendment rights.

Presently before the Court is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth herein, defendants' motion is denied.

I. FACTS

The following facts are taken from the complaint and are not findings of fact by the Court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

Plaintiff, now a resident of Brooklyn, New York, alleges that on November 5, 2007, at approximately 6:20 a.m., he was transferred as an inmate of Yaphank Correctional Facility ("Yaphank") in Suffolk County to Rikers Island. (Compl., at 2-3.) At that time, he was

not permitted to take any of his property with him to Rikers Island. (Compl., at 3-4.) Plaintiff states that he is a diabetic and epileptic. (Compl., at 3.) He further claims that his medication, along with the rest of his property, funds, and medical records, were not transferred from Yaphank when he was moved to Rikers Island. (Compl., at 3.) Consequently, he remained in a holding pen on Rikers Island for twenty (20) hours without receiving any of his medication. (Compl., at 3.) As a result of not having access to his medication and medical records, plaintiff claims that he suffered from mental anguish, pain and suffering, endured taunts and ridicule from other inmates and officers, and was forced to repeat a medical test at Rikers Island that he had already taken at Yaphank. (Compl., at 3-4.)

## II. PROCEDURAL HISTORY

On November 10, 2007, plaintiff filed the instant action in the United States District Court for the Southern District of New York. On January 29, 2008, the case was transferred to this Court, because the alleged events giving rise to this claim occurred in Suffolk County. Defendants moved to dismiss on July 10, 2008. Plaintiff filed his opposition on July 28, 2008. Defendants replied on October 20, 2008. The Court has fully considered the submissions of the parties.

## III. STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See ATSI Communs., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). The plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally . . . . This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings . . . . This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se*, the Court shall "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (alterations in original)); *accord Sharpe v. Conole*, 386 F.3d 483, 484 (2d Cir. 2004).

Finally, in connection with a motion to dismiss under Rule 12(b)(6), the Court may only consider "the facts stated in the

complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005); *accord Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Here, plaintiff did not append any documents to his Complaint or incorporate any such documents by reference therein and, thus, the Court confines its review to the face of the complaint.

IV. DISCUSSION

To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

Here, the Court construes plaintiff's complaint to assert that his Eighth Amendment rights were violated,[1] pursuant to Section 1983, when the County allegedly did not adequately address plaintiff's medical needs by failing to immediately transfer his medical records and medication to Rikers Island.[2] The defendants now move to dismiss the claim on the grounds that plaintiff has failed to state a claim for "deliberate indifference to a serious medical need" as a matter of law. (Defendants' Memorandum of Law, at 4.) For the reasons set forth below, after liberally reviewing the complaint, accepting all of its allegations as true, and construing them in the light most favorable to plaintiff, the Court concludes that the complaint survives the motion to dismiss.

A. Legal Standard

As the Second Circuit has explained,

> [t]he Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. Moreover, under 42 U.S.C. § 1983, prison officials are liable for harm incurred by an inmate if the officials acted with 'deliberate indifference' to the safety of the inmate. However, to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice.

*Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citations omitted);

---

[1] The Court is aware that "Eighth Amendment claims are only available to plaintiffs who have been convicted of a crime," *Hill v. Nieves*, No. 06 Civ. 8213, 2008 U.S. Dist. LEXIS 25911, at *15 (S.D.N.Y. Mar. 31, 2008), and the complaint does not state whether Thomas was convicted of a crime at the time of the incident in question. However, as courts routinely recognize, "[t]he rubric for evaluating deliberate indifference claims is the same under the Eighth and Fourteenth Amendments." *Id.* Thus, the Court applies the standard for Eighth Amendment deliberate indifference claims to evaluate Thomas's Complaint.

[2] The Court agrees with defendants that the plaintiff does not claim that he was denied his property. (*See* Defendants' Memorandum of Law, at 5.) Thus, the Court does not construe plaintiff's complaint to allege a Constitutional taking of his property, in violation of the Fifth Amendment.

3

*see also Graham v. Poole*, 476 F. Supp. 2d 257, 259-60 (W.D.N.Y. 2007) ("For purposes of Eighth Amendment claims, the Supreme Court has drawn a 'distinction between mere negligence and wanton conduct . . . .'") (quoting *Whitley v. Albers*, 475 U.S. 312, 322 (1986)). Thus, according to the Second Circuit,

> [d]efendants may be held liable under § 1983 if they . . . exhibited deliberate indifference to a known injury, a known risk, or a specific duty, and their failure to perform the duty or act to ameliorate the risk or injury was a proximate cause of plaintiff's deprivation of rights under the Constitution. Deliberate indifference is found in the Eighth Amendment context when a prison supervisor knows of and disregards an excessive risk to inmate health or safety . . . . Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause.

*Ortiz v. Goord*, No. 06 Pr. 4622, 2008 U.S. App. LEXIS 9655, at *2 (2d Cir. May 5, 2008) (citations and quotation marks omitted); *see also Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000) ("Deliberate indifference will exist when an official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *Curry v. Kerik*, 163 F. Supp. 2d 232, 237 (S.D.N.Y. 2001) ("'[A]n official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'") (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)).

In particular, the Second Circuit has set forth a two-part test for determining whether a prison official's actions or omissions rise to the level of deliberate indifference:

> The test for deliberate indifference is twofold. First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent. The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry. Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.

*Hayes*, 84 F.3d at 620 (internal citation omitted); *see also Phelps v. Kapnolas*, 308 F.3d 180, 185-86 (2d Cir. 2002) (setting forth two-part test articulated in *Hayes*).

Within this framework, "[d]eliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual

4

punishment, in violation of the Eighth Amendment, as made applicable to the states through the Fourteenth Amendment." *Bellotto v. County of Orange*, No. 06 Pr. 1185, 2007 U.S. App. LEXIS 19848, at *7 (2d Cir. Aug. 21, 2007). The Second Circuit has provided further guidance in analyzing claims of "deliberate indifference" to a prisoner's medical needs:

> To establish an Eighth Amendment claim for medical indifference, [a plaintiff] must prove that defendants were deliberately indifferent to a serious medical need. To satisfy this standard, [a plaintiff] must prove both objective and subjective elements. Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists. Subjectively, the charged official must act with a sufficiently culpable state of mind.

*Fox v. Fischer*, No. 05 Pr. 4440, 2007 U.S. App. LEXIS 17316, at *1-*2 (2d Cir. July 20, 2007) (citations and quotation marks omitted).

Specifically, in *Salahuddin v. Goord*, the Second Circuit set forth in detail the requirements of these two elements of a medical indifference claim. 467 F.3d 263 (2d Cir. 2006); *see also, e.g., Jones v. Westchester County Dep't of Corr. Med. Dep't*, 557 F. Supp. 2d 408, 413 (S.D.N.Y. 2008) (applying *Salahuddin* test to medical indifference claim). In particular, with respect to the first, objective element, the Second Circuit explained in *Salahuddin*:

The first requirement is objective: the alleged deprivation of adequate medical care must be sufficiently serious. Only deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Determining whether a deprivation is an objectively serious deprivation entails two inquiries. The first inquiry is whether the prisoner was actually deprived of adequate medical care. As the Supreme Court has noted, the prison official's duty is only to provide reasonable care. Thus, prison officials who act reasonably [in response to an inmate-health risk] cannot be found liable under the Cruel and Unusual Punishments Clause, and, conversely, failing to take reasonable measures in response to a medical condition can lead to liability.

Second, the objective test asks whether the inadequacy in medical care is sufficiently serious. This inquiry requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner. For example, if the unreasonable medical care is a failure to provide any treatment for an

5

inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious. Factors relevant to the seriousness of a medical condition include whether a reasonable doctor or patient would find [it] important and worthy of comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain. In cases where the inadequacy is in the medical treatment given, the seriousness inquiry is narrower. For example, if the prisoner is receiving on-going treatment and the offending conduct is an unreasonable delay or interruption in that treatment, the seriousness inquiry focus[es] on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone. Thus, although we sometimes speak of a serious medical condition as the basis for an Eighth Amendment claim, such a condition is only one factor in determining whether a deprivation of adequate medical care is sufficiently grave to establish constitutional liability.

467 F.3d at 279-80 (citations and quotation marks omitted); *see also Jones*, 557 F. Supp. 2d at 413-14 ("Initially, the Court must determine whether the inmate was actually denied adequate care. Prison officials are not obligated to provide inmates with whatever care the inmates desire. Rather, prison officials fulfill their obligations under the Eighth Amendment when the care provided is reasonable. Second, if the care provided was unreasonable, courts must inquire as to whether that inadequacy was sufficiently serious . . . . This analysis requires an examination both of the harm already caused to the prisoner and the likelihood that harm will continue or increase without additional treatment. Thus, the seriousness inquiry will vary based on the nature of the treatment provided and the claim asserted by the inmate.") (citations and quotation marks omitted).

With respect to the second, subjective component, the Second Circuit further explained:

> The second requirement for an Eighth Amendment violation is subjective: the charged official must act with a sufficiently culpable state of mind. In medical-treatment cases not arising from emergency situations, the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health. Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law. This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result. Although less blameworthy

than harmful action taken intentionally and knowingly, action taken with reckless indifference is no less actionable. The reckless official need not desire to cause such harm or be aware that such harm will surely or almost certainly result. Rather, proof of awareness of a substantial risk of the harm suffices. But recklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent.

*Salahuddin*, 467 F.3d at 280 (citations and quotation marks omitted); *see also Jones*, 557 F. Supp. 2d at 414 ("The second component is subjective, and requires that the prison official involved act with a sufficiently culpable state of mind. This is satisfied by a showing that the official acted with deliberate indifference toward Plaintiff's health, a state of mind akin to criminal recklessness. This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result.") (citations and quotation marks omitted). The Supreme Court has stressed that

> in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (internal citations omitted); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("A showing of medical malpractice is therefore insufficient to support an Eighth Amendment claim unless the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm.") (internal quotations omitted); *Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000) (a medical practitioner who "delay[s] . . . treatment based on a bad diagnosis or erroneous calculus of risks and costs" does not evince the culpability necessary for deliberate indifference).

B. Application

Here, the Court has liberally construed Thomas's complaint – taking all of its allegations as true and construing them in the light most favorable to plaintiff – and, for the reasons set forth below, cannot conclude at this juncture, as a matter of law, that he has failed to state a claim under Section 1983 for

deliberate medical indifference against the defendants.

As a threshold matter, the Court disagrees with defendants' contention that plaintiff only claims that he was denied adequate medical care while in the custody of the New York City Department of Corrections on Rikers Island, and "[t]here is no claim that he was denied appropriate care while in the custody of the Suffolk County Sheriff." (Defendants' Memorandum of Law, at 3-4.) The gravamen of plaintiff's complaint is that the staff at Yaphank failed to immediately and properly transfer his medication and medical records when he was moved from Yaphank to Rikers Island, which resulted, *inter alia*, in a delay of plaintiff's receipt of medication and medical care. First, that allegation is sufficient to satisfy the requirement that, in a Section 1983 action, each defendant must be alleged to have been personally involved in the Constitutional violation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in [the Second Circuit] that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal citation and quotation marks omitted). Moreover, plaintiff's claim does not fail as a matter of law against a particular facility (or its employees) because he was transferred to another; whatever responsibility or liability Rikers Island may have had with respect to the care of plaintiff does not mean that Yaphank, as the transferor facility, had none. Although plaintiff was transferred to Rikers Island and may have been subject to intake screening and health administration by that facility, the alleged unreasonable delay on the part of the transferor facility, Yaphank, in transferring plaintiff's medical records and medication may plausibly have been, in whole or in part, the cause of alleged delay in plaintiff's receipt of medication or medical attention at Rikers Island. Under these circumstances, the Court finds that plaintiff's allegations constitute a plausible basis for liability against defendants. However, the Court must next address whether plaintiff has adequately plead that employees at Yaphank acted with "deliberate indifference" to his medical needs in connection with his transfer to Rikers Island.

At this initial stage of litigation, the Court declines to conclude, as a matter of law, what defendants suggest, *i.e.*, that "not forwarding the plaintiff's medical records" or medication and the resultant "delay of treatment for twenty hours" cannot plausibly rise to the level of a "deliberate indifference" for the purposes of the Eighth Amendment under the set of facts alleged by plaintiff. (Defendants' Memorandum of Law, at 4.) Defendants point to no case law in support of its claim. In fact, there are numerous cases in which courts have found analogous claims to survive a motion to dismiss. After conducting a review of the relevant Second Circuit case law, this Court has found none to stand for the proposition that a failure to forward medical records or medication, or a delay in the receipt of medication or medical care for twenty hours, cannot state a claim for relief pursuant to the Eighth Amendment as a matter of law. Instead, as outlined below, the Court finds that a plausible claim exists under the two-part test that the Second Circuit has set forth for analyzing plaintiff's claim.

As stated *supra*, the Second Circuit has specified a two-part test for determining whether a defendant's actions or omissions rise to the level of "deliberate indifference." *Hayes*, 84 F.3d at 620. Although defendants suggest that plaintiff cannot meet that test as a matter of law under the alleged facts, the Court disagrees. As set forth below, with

respect to the first prong, plaintiff claims that he was held in a holding pen for twenty (20) hours without needed medication and care, which was allegedly the result of the actions of the defendants in failing to forward his property and medical records. Thus, liberally construing those allegations, plaintiff has asserted that he was "incarcerated under conditions posing a substantial risk of serious harm." *Id*. With respect to the second prong, the Court is unable to conclude at this juncture that plaintiff cannot show that the defendants "possessed sufficient culpable intent" by having "knowledge that [he] face[d] a substantial risk of serious harm" and then "disregard[ing] that risk." *Id*.; *see also Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) ("the state of the defendant's knowledge is normally a question of fact to be determined after trial") (*citing, inter alia*, *Archer v. Dutcher*, 733 F.2d 14, 17 (2d Cir. 1984). Thus, as discussed *infra*, drawing all reasonable inferences in plaintiff's favor from the allegations in the complaint, plaintiff has sufficiently alleged a culpable intent on the part of the defendants.

With respect to the first prong, a determination as a matter of law as to whether or not Thomas's deprivation of medication was sufficiently serious in an objective sense cannot be made at this stage given the allegations in the complaint. It is plausible that Thomas was "actually deprived of adequate medical care," *Salahuddin*, 467 F.3d at 279, by not having his medication for twenty hours, considering his purported condition as a diabetic and epileptic. The Second Circuit has made clear that "if the unreasonable medical care is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." *Id*. Although the Second Circuit has articulated factors that are relevant to this inquiry, such as whether a reasonable doctor or patient would find it important and whether it causes chronic and substantial pain, *see id.,* the Court cannot make a conclusive determination on that issue in this case at the motion to dismiss stage, based upon the allegations in the complaint. In *Brock v. Wright*, 315 F.3d 158 (2d Cir. 2003), the Second Circuit held that a district court erred to the extent it "believed that *only* 'extreme pain' or a degenerative condition would suffice to meet the legal standard" for deliberate indifference. *Id.* (emphasis added); *accord Sereika v. Patel*, 411 F. Supp. 2d 397, 405-06 (S.D.N.Y. 2006). Instead, the *Brock* Court emphasized that "we have long held that 'the Eighth Amendment forbids not only deprivations of medical care that produce physical torture and lingering death but also less serious denials which cause or perpetuate pain.'" *Brock*, 315 F.3d at 163. (quoting *Todaro*, 565 F.2d at 52). For these reasons, the Court declines to dismiss the complaint on these grounds.

Moreover, with respect to plaintiff's allegation that the defendants injuriously delayed the transfer of his medication and medical records, *accord, e.g., Smith v. Carpenter*, 316 F.3d at 185 ("[w]hen the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation is, in 'objective terms, sufficiently serious,' to support an Eighth Amendment claim.") (emphasis in original), courts have declined to dismiss similar claims as a matter of law where defendants contended that the claim fails to rise to Constitutional dimensions warranting relief. *See, e.g., Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986) (finding that the *pro se*

9

plaintiff's account of events could amount to an allegation of deliberate indifference where he alleged a five to six hour delay in receipt of medical care, but dismissing the claim for failure to connect the claim to any of the defendants); *cf. Archer v. Dutcher*, 733 F.2d 14, 16 (2d Cir. 1984) (reversing lower court's summary judgment order on the grounds that plaintiff's allegations demonstrated the possibility that the defendants had intentionally delayed medical care for five hours while knowing that plaintiff was in "extreme pain"); *Hathaway v. Coughlin*, 841 F.2d 48, 50 (2d Cir. 1988) (holding that plaintiff's allegation of a substantial delay in needed surgery was sufficient to survive a motion for summary judgment under *Archer,* because it raises a factual dispute as to whether the appellees showed deliberate indifference); *Todaro v. Ward*, 565 F.2d 48, 53 (2d Cir. 1977) (in a case involving an institution-wide challenge, affirming the decision of the trial court in reviewing the claim that there was, *inter alia*, an unreasonable delay in the administration of health examinations upon admittance to an institution);[3] *Brown v. Coughlin*, 758 F. Supp. 876, 882 (S.D.N.Y. 1991) (denying summary judgment where the record indicated a possible denial of medical care by, *inter alia*, a failure to transfer necessary medical records in a timely fashion"); *Davidson v. Harris*, 960 F. Supp. 644, 648 (W.D.N.Y. 1997) (dismissing an inmate's claim on summary judgment where no objective evidence of pain was shown but acknowledging that "plaintiff is correct that under certain circumstances a five- or six-hour delay in medical care can constitute deliberate indifference, [but such] a conclusion is highly fact-sensitive."); *Todaro*, 431 F. Supp. at 1132 ("there are those cases which have held unconstitutional denied or unreasonably delayed access to a physician for diagnosis and treatment of physical conditions which, although not life-threatening or likely to result in permanent disability, cause discomfort") (collecting cases); *Brown*, 758 F. Supp. at 582 ("A significant delay in treatment may also constitute a violation under the Eighth and Fourteenth Amendments."); *Lasher v. City of Schenectady*, No. 02 Civ. 1395, 2004 WL 1732006, at *5 (N.D.N.Y. Aug. 3, 2004) ("Delays in treating painful medical conditions that are not life-threatening can support Eighth Amendment claims.") (citation omitted).[4] The

---

[3] The trial court ultimately dismissed this claim as lacking evidence, however. *Todaro v. Ward*, 431 F. Supp. 1129, 1138 (S.D.N.Y. 1977). Even though the Court of Appeals also suggested that an unreasonable delay may constitute a kind of claim that does not "amount to constitutional infractions," *Todaro*, 565 F.2d at 53, the unreasonable delay claim decided by the trial court in that case was found to lack "medically significant consequences." *Todaro*, 431 F. Supp. at 1138. Indeed, the trial court stated that, absent proof of some injury resulting solely from the delay in administration, it could not hold that any Constitutional violations occurred. *See id.* This Court agrees that plaintiff must allege an injury of Constitutional dimensions and that a delay in receipt of medication or care is not in and of itself such an injury. Here, however, plaintiff alleges that he is a diabetic and epileptic, and that he suffered pain and suffering as a result of the delay. Under these pleadings, this Court cannot conclude at this juncture that no violation of plaintiff's Constitutional rights occurred as a matter of law.

[4] In addition, those cases that have found delays in medical treatment to fail as a matter of law are distinguishable from the facts alleged in this case and overwhelmingly do not involve decisions at the motion to dismiss stage. *See, e.g., Tatum v. City of New York*, No. 06 Civ. 4290(BSJ)(GWG), 2009 WL 124881, at *6 (S.D.N.Y. Jan. 20, 2009) (concluding at summary judgment stage that a delay of ten to twenty minutes cannot constitute

deliberate indifference as a matter of law); *Revenell v. Van Per Steeg*, No. 05 Civ. 4042 (WHP), 2007 WL 765716, at *4 (S.D.N.Y. Mar. 14, 2007) (holding at summary judgment stage that fifteen to twenty minute delay in treatment of fractured finger could not amount to deliberate indifference); *Cain v. Jackson*, No. 05 Civ. 3914(LAP)(MHD), 2007 WL 2193997, at *6 (S.D.N.Y. July 27, 2007) (holding in a motion for summary judgment that "[t]he pain and discomfort that Plaintiff alleges as a result of the [approximately four hour] delay in her receiving medical care and prescription medications . . . is simply insufficient to implicate the Eighth Amendment."); *Rodriguez v. Mercado*, No. 00 CIV. 8588, 2002 WL 1997885, at *9 (S.D.N.Y. Aug. 28, 2002) (stating, at the summary judgment stage, that "Damar has not alleged that his injuries were 'life-threatening' or 'fast-degenerating,' or that he was experiencing extreme pain that more rapid treatment would have alleviated. Also, by his own admission, Damar was seen within eight or nine hours of the incident by a nurse who prescribed him Tylenol . . . In these circumstances, any delay in treatment . . . was, at most, mere negligence, which is not sufficient to state an Eighth Amendment claim"); *Palacio v. Ocasio*, No. 02 Civ. 6726 (PAC) (JCF), 2006 WL 2372250, at *11 (S.D.N.Y. Aug. 11, 2006) (finding that, at summary judgment, where delay in treatment was, at most, a little more than two hours, and "nothing in the record suggest[ed] that [plaintiff] suffered from a life-threatening or fast-degenerating condition or that prison officials deliberately delayed his treatment as a form of punishment," delay did not rise to the level of deliberate indifference); *Davidson v. Harris*, 960 F. Supp. 644, 648-49 (W.D.N.Y. 1997) (at summary judgment stage, stating, with respect to plaintiff's claim that he waited six to eight hours before receiving oxygen and pain medication for non-life-threatening stab wounds, that "no reasonable person could find a wanton disregard or deliberate indifference of plaintiff's serious medical needs"); *Dixon v. Ragland*, No. 03 Civ. 826 (LTS) (KNF), 2007 WL 4145453, at *6 (S.D.N.Y. Sept. 11, 2007), *report and recommendation adopted in part, rejected on other grounds in part*, 2007 WL 4116488 (S.D.N.Y. Nov. 16, 2007) ("[S]ince the caselaw demonstrates that under Second Circuit law, an intentional delay in necessary medical care, amounting in effect to a "form of punishment," is actionable. *Archer*, 733 F.2d at 16-17.

In addition, in the instant case, drawing all reasonable inferences in plaintiff's favor, the plaintiff's DCF medical records demonstrate that his injuries did not constitute a 'condition of urgency, one that may produce death, degeneration, or extreme pain,' *Hathaway*, 37 F.3d at 66, the Court finds that even if a thirteen-hour delay in providing the plaintiff medical assistance occurred – a matter which is in dispute – he cannot meet the objective prong of his Eighth Amendment claim"); *Linden v. Westchester County*, No. 93 Civ. 8373 (MBM), 1995 WL 686742, at *3 (S.D.N.Y. Nov. 20, 1995) ("The complaint, generously read, alleges that employees of defendant DOC denied plaintiff a clinic visit for approximately eight hours, had a nurse rather than a physician attend to plaintiff, ignored plaintiff's pleas to be admitted to a hospital, and administered only pain pills to relieve plaintiff's suffering. These allegations do not satisfy the two-part standard set forth in *Estelle*."); *Woods v. Goord*, No. 97 Civ. 5143 (RWS), 1998 WL 740782, at *12 (S.D.N.Y. Oct. 23, 1998) ("The Complaint fails to establish that the delay in Woods not receiving his medication for approximately a month was *purposeful or intended* or that the deprivation of not having the medication for the period stated by Woods was *sufficiently serious*.") (emphasis added); *Evans v. Bonner*, 196 F. Supp. 2d 252, 256 (E.D.N.Y. 2002) (holding, at end of trial as a judgment as a matter of law, that no Eighth Amendment violation had occurred); *cf. Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (finding that the failure of prison officials to provide a prisoner's medical records to transferee prison did not rise to level of deliberate indifference because it did not cause "substantial harm," considering the seriousness of his condition and the treatment prisoner actually received).

Court finds that plaintiff has sufficiently pled a culpable state of mind on the part of defendants. For example, plaintiff alleges that Yaphank correctional officers lied to him when they did not allow him to take his property. (Compl., at 5.) Thus, with respect to the subjective prong of the Second Circuit's test, the Court finds plaintiff's pleadings sufficient at this stage to allege that the defendants acted intentionally in disregarding a risk to plaintiff.

The Court, while declining to dismiss the instant complaint at the motion to dismiss stage, recognizes the high standard that ultimately must be met to support a deliberate indifference claim. *See generally Liscio v. Warren*, 901 F.2d 274, 277 (2d Cir. 1990); *Hathaway v. Coughlin*, 841 F.2d 48, 50-51 (2d Cir. 1988); *Archer v. Dutcher*, 733 F.2d 14, 16-17 (2d Cir. 1984). Of course, if there is insufficient evidence after discovery to support a reasonable jury finding in favor of plaintiff on his Eighth Amendment deliberate indifference claim under the applicable standard, defendants will have an opportunity to move for summary judgment. *See, e.g., Chance*, 143 F.3d at 703-04 (reversing district court's dismissal of medical indifference claim at 12(b)(6) stage because "[w]hether a course of treatment was the product of sound medical judgment, negligence, or deliberate indifference depends on the facts of the case . . . . It may be that Chance has no proof whatsoever of this improper motive, and that lack of proof may become apparent at summary judgment. But even if we think it highly unlikely that Chance will be able to prove his allegations, that fact does not justify dismissal for failure to state a claim, for Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations . . . .") (citations and quotation marks omitted); *Jones*, 557 F. Supp. 2d at 416 ("Whatever the ultimate merits of Plaintiff's claim, Defendants have jumped the gun by filing a pre-answer motion to dismiss. Many of the material questions in this case, such as, 'What care is reasonable in these circumstances,' and 'What was the Defendants' mental state when the surgery was refused,' are not ripe for adjudication on the basis of the complaint and its appended materials. It may become clear, at summary judgment or at some later stage in the litigation, that these claims are not adequately supported. But at the 12(b)(6) stage, we must accept the plaintiff's allegations as true . . . .") (citation and quotation marks omitted).

In sum, liberally construing the complaint, plaintiff has alleged that Yaphank officers deliberately deprived plaintiff of his medication, while aware of his condition as a diabetic and epileptic, and failed to forward his medical records and medication to Rikers Island such that he could be properly and promptly treated and, as a result, he suffered from pain for twenty hours. The Court finds these allegations of intentional delay on the part of defendants, coupled with plaintiff's alleged medical conditions and resulting injury, state a plausible claim of deliberate indifference under the Eighth Amendment that withstands a motion to dismiss. At this stage of the litigation, given the allegations, the Court is unable to conclude as a matter of law that plaintiff has no plausible claim.

Accordingly, because the Court finds that plaintiff *pro se* has satisfied his burden of adequately pleading a plausible claim of "deliberate medical indifference" under Section 1983, the motion to dismiss is denied.

V. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, is denied. The parties shall proceed with discovery under the direction of Magistrate Judge William D. Wall.

        SO ORDERED.

---

        JOSEPH F. BIANCO
        United States District Judge

Dated:     March 11, 2009
        Central Islip, NY

       \* \* \*

Plaintiff is representing himself *pro se*. The attorney for the defendant is Brian C. Mitchell, Assistant County Attorney, Office of the Suffolk County Attorney, 100 Veterans Memorial Highway, P.O. Box 6100, Hauppauge, New York 11788.