UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

N⁰ 08-CV-400 (JFB) (WDW)

———————

ALEXANDER THOMAS,

Plaintiff,

VERSUS

COUNTY OF SUFFOLK, CITY OF NEW YORK,

Defendants.

———————

ORDER ADOPTING REPORT AND RECOMMENDATION
December 28, 2010

———————

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation from Magistrate Judge Wall recommending that the Court dismiss this case because plaintiff has failed to comply with numerous orders and failed to prosecute the case.

Plaintiff Alexander Thomas ("plaintiff" or "Thomas") filed this action on November 10, 2007, in the United States District Court for the Southern District of New York, pursuant to 42 U.S.C. § 1983, against Alfred C. Tisch, the Sheriff of Suffolk County, and various staff at the Suffolk County Corrections Facility, alleging that defendants improperly deprived him of necessary medical treatment while he was transferred from the Yaphank Correctional Facility in Suffolk County to Rikers Island. On January 29, 2008, the case was transferred to this Court, because the alleged events giving rise to this claim occurred in Suffolk County. Plaintiff filed a second amended complaint against the County of Suffolk and the City of New York (collectively, "defendants") on October 15, 2009.[1]

By letter dated August 2, 2010, plaintiff's counsel requested leave to withdraw as counsel for plaintiff in this action due to

———————

[1] Plaintiff was initially represented by counsel, but has been proceeding *pro se* since September 14, 2010, when the Court granted counsel's motion to withdraw.

plaintiff's "lack of cooperation" and communication. (Docket Entry 53.) By Order dated August 11, 2010, the Court scheduled a conference for August 26, 2010, to discuss counsel's proposed motion to withdraw and ordered that plaintiff be present on the call. Plaintiff failed to appear on the call. By Order dated August 26, 2010, the Court ordered plaintiff to respond in writing by September 7, 2010, stating whether he opposes his counsel's motion to withdraw and warned plaintiff that failure to respond would be deemed consent to counsel's withdrawal. (Docket Entry 57.) Plaintiff failed to respond to that Order. Accordingly, by Order dated September 14, 2010, the Court granted counsel's motion to withdraw and gave plaintiff thirty days to obtain new counsel, move for appointment of counsel or inform the court that he would proceed *pro se*. (Docket Entry 58.) Plaintiff did none of those things and did not communicate with the Court or defendants' counsel.

Subsequently, on October 22, 2010, plaintiff failed to appear for the pretrial conference before Magistrate Judge Wall. (Docket Entry 59.) Accordingly, by Order dated October 22, 2010, Magistrate Judge Wall ordered plaintiff to appear for a conference on November 12, 2010, and warned plaintiff that failure to do so would result in Magistrate Judge Wall's recommendation of dismissal with prejudice. (Docket Entry 60.) Consequently, on November 12, 2010, Magistrate Judge Wall issued a Report and Recommendation holding that the Court should dismiss plaintiff's case with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's failure to comply with numerous orders and failure to prosecute. The Report and Recommendation instructed plaintiff to submit any objections within fourteen days.

Plaintiff did not file any objection. For the reasons set forth below, the Court adopts the Report and Recommendation in its entirety and dismisses the instant action with prejudice pursuant to Rule 41(b).

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). .

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of

practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives. . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Under the circumstances, all the above-referenced factors favor dismissal of the instant case with prejudice. A careful review of the docket sheet indicates that plaintiff, despite multiple orders from the Court, has not taken any action in this case or communicated with the Court or defendants' counsel for approximately four months. Moreover, plaintiff has twice been warned by Magistrate Judge Wall– in his October 22 Order and in his November 12 Order – that failure to appear would result in his recommendation of dismissal with prejudice. Nevertheless, plaintiff failed to comply with Magistrate Judge Wall's orders. Thus, plaintiff has demonstrated no interest in continuing this action and no sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open under the circumstances. Furthermore, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Finally, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances, especially given plaintiff's lack of communication and cooperation with prior counsel along with his failure to follow five orders over the last four months. Therefore, dismissal for failure to prosecute and comply with the Court's orders is clearly warranted.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, Court adopts the findings and recommendations contained in the Report and Recommendations in their entirety and

3

dismisses the plaintiff's complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.[2] The Clerk of the Court is directed to close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 28, 2010
Central Islip, New York

\* \* \*

Plaintiff is representing himself *pro se*. The attorney for the defendant is Brian C. Mitchell, Assistant County Attorney, Office of the Suffolk County Attorney, 100 Veterans Memorial Highway, P.O. Box 6100, Hauppauge, New York 11788. The attorneys for defendant City of New York are Doreen Dufficy and Laura A. Del Vecchio of Heidell, Pittoni, Murphy & Bach, LLP, 99 Park Avenue, New York, NY 10016.

---

[2] Even if the Court were conducting a *de novo* review, the Court would reach the same conclusion for the reasons set forth herein.